UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVIA BOSKOVICH, an individual,

Plaintiff,

v.

CITY OF TACOMA, a governmental entity under the laws of the State of Washington,

Defendant.

Case No. C05-5099FDB

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

In this cause of action, Plaintiff brings claims under 42 U.S.C. § 1983 and § 1985(2) alleging that the City of Tacoma's handling of her complaint against David Brame for rape violated, respectively, her civil rights and her substantive and procedural due process right of access to the courts. Plaintiff's Complaint states that the rape occurred in the late 1980s. Plaintiff now moves to amend her Complaint to allege a claim of negligent hiring under Washington tort law. For the following reasons, Plaintiff's Motion To Amend is denied.

Plaintiff asserts that she did not discover the facts surrounding the city's hiring or David Brame until May 2003, during the publicity following the shooting death of David Brame's wife, and that this claim is, thus, brought within the three-year statute of limitations.

Defendant argues that the motion to amend should be denied on the basis of undue delay and futility, because (1) Plaintiff's counsel indicated that no state tort claims would be pursued and it is too late in the litigation to allow the amendment, as new witnesses will need to be deposed as well as

ORDER - 1

1  prior witnesses being re-deposed, new evidence developed, and retention of experts; and (2) because
2  there is no evidence that the City knew or should have known that Brame was likely to commit the
3  crime of rape, it cannot be established that Brame used his service revolver in the commission of the
4  rape, and because the claim is time barred.

5  The limitation period begins to run when the Plaintiff's cause of action accrues. *Malnar v.
6  Carlson*, 128 Wash.2d 521, 529, 910 P.2d 455 (1996); RCW 4.16.005. This generally occurs when
7  the plaintiff suffers some form of injury or damage. *In re Estates of Hibbard*, 118 Wash.2d 737,
8  744, 826 P.2d 690 (1992). If there is some delay that was not caused by the plaintiff sleeping on his
9  rights, the discovery rule may apply. *Crisman v. Crisman*, 85 Wn. App. 15, 931 P.2d 163, 166
10 (1997). The discovery rule is applied either "where the defendant fraudulently conceals a material
11 fact from the plaintiff and thereby deprives plaintiff of knowledge of the accrual of the cause of
12 action," or "where the nature of the plaintiff's injury makes it extremely difficult, if not impossible,
13 for the plaintiff to learn the factual elements of the cause of action within the specified limitation
14 period." *Id.*

15 In this case, the discovery rule does not apply to the negligent hiring claim that Plaintiff seeks
16 to add. The alleged rape occurred in the late 1980s (Plaintiff was then 29 years old and she is now
17 45 years old). She knew who raped her and where he worked. Plaintiff could have discovered in the
18 late 1980s what the City knew and did not know about David Brame when it hired him in 1981.
19 The negligent hiring claim is time barred.

20 NOW, THEREFORE, IT IS ORDERED: Plaintiff's Motion To Amend Complaint [Dkt. #
21 15] is DENIED.

22 DATED this 8th day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2