UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVIA BOSKOVICH, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TACOMA, a governmental entity under the laws of the State of Washington,<br><br>　　　　Defendant. | Case No. C05-5099FDB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATIONS |

## INTRODUCTION

In this cause of action, Plaintiff brings claims under 42 U.S.C. § 1983 and § 1985(2) alleging that the City of Tacoma's handling of her complaint against David Brame for rape violated, respectively, her civil rights and her substantive and procedural due process right of access to the courts. Plaintiff's Complaint states that the rape occurred in the late 1980s.

Defendant City of Tacoma moves for summary judgment based on the statute of limitations. For the following reasons, the City's motion is granted and Plaintiff's claims are dismissed in their entirety.

In September 1987, Boskovich accepted a dinner invitation from David Brame, and she picked him up at his Spanaway home after work. After dinner at a Tacoma restaurant, Boskovich

ORDER - 1

took Brame back to his home, and accepted his invitation to come inside, and it was then that she alleges the rape occurred.

In September 1988, Boskovich met with Tacoma Police Department Internal Affairs investigators and was accompanied by Walt DePuy, a Pierce County Deputy Prosecuting Attorney, who had arranged the meeting. In December 1988, then Tacoma Police Chief Ray Fjetland, advised Boskovich that the investigation had been concluded and that there was insufficient evidence to sustain her allegation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Title 42 U.S.C. § 1983 does not itself provide a statute of limitations; claims pursuant to this statute are governed by the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Washington, Section 1983 claims are governed by the three-year statute of limitations of RCW 4.16.080(2). *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1991). Claims brought

ORDER - 2

pursuant to 42 U.S.C. § 1985 are subject to the same statute of limitations as those brought pursuant to Section 1983. *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991). State law tolling provision may also apply. *Harding v. Galceran*, 889 F.2d 906, 909 (9th Cir. 1989). Federal law governs when the limitations period begins to run. *Hoesterey v. Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991)("Under federal law, the touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'").

Boskovich contends that the City's failure to refer her complaint to another law enforcement agency for an external, criminal investigation was the act that caused her injury, that denied her access to the courts and obstructed justice. Boskovich, however, had all the information that she required to pursue a cause of action for this injury: she knew the rape occurred in Spanaway, she knew that investigators to whom she was speaking were assigned to Tacoma Police Department's Internal Affairs, and she knew that the Tacoma Police Department was not going to take any further action on her complaint. Boskovich also knew that the Pierce County Prosecutor's Office could proceed with the case, as she stated in her deposition that DePuy told her so. Boskovich failed to pursue an action with the Pierce County Prosecuting Attorney's Office.

Boskovich opposes the City's motion contending that there are genuine issues of material fact about what she knew and when she knew it: (1) that she did not know of her injury until she learned that investigators who handled the internal investigation believed her and until she learned of Brame's suicide in 2003; and (2) fraudulent concealment of the fact that some police officers believed her report, and failure to report the crime to an outside agency, thus caused her post traumatic stress disorder.

Boskovich's contentions lack merit to overcome the City's showing of what Boskovich knew at the time. On the contrary, Boskovich's testimony is sufficient to demonstrate that she had all the information that she needed to proceed with a cause of action against Brame. She knew that an

ORDER - 3

Internal Affairs investigation was being conducted, she knew that Internal Affairs was not going to pursue the matter further. She was aware that she could go to the Pierce County Prosecutor's Office, which, she was advised by DePuy, "could move forward with the case." (Ex. 1 to Homan Aff.) Boskovich chose not to pursue that option.

As to the Post Traumatic Stress Disorder (PTSD), Boskovich's expert Dr. Jensen opines on significant factors in Boskovich's development of PTSD (*e.g.*, the publicity in 2003 surrounding the Brame murder/suicide, her belief that her rape claim was not properly investigated). Nevertheless, in late 1988, Boskovich had all the information she needed to pursue a claim despite the fact that Internal Investigations was taking no action against Brame as an employee. Boskovich had the assistance of a Pierce County Deputy Prosecuting Attorney, but in any event could have taken action on her own to bring a complaint, and none of the City's actions prevented her from doing so.

There are no genuine issues of material fact about what Plaintiff knew in 1987 and 1988, or in the exercise of reasonable care what she should have known, and her claims of denial of access to the courts must be dismissed. ACCORDINGLY,

IT IS ORDERED:

1. Defendant City of Tacoma's Motion for Summary Judgment Re: Statute of Limitations [Dkt. # 18] is GRANTED and Plaintiff's cause of action is DISMISSED with prejudice.

2. Defendant City of Tacoma's pending Motion for Summary Judgment Re: Access and Conspiracy Claims [Dkt. # 39] is STRICKEN from the Court's calendar as MOOT in view of the dismissal of Plaintiff's claims in their entirety.

DATED this 8th day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4